# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CV-S-04-182-KJD-GWF |
| NEOTERIC CORPORATION, a Nevada corporation dba DOUBLE EAGLE CONVENIENCE STORE dba DOUBLE EAGLE CASINO, | CASE NO. BK-S-95-25203 LBR |
| | Adversary Proceeding No. 03-1229 LBR |
| | Appeal Ref 03-28 |
| Debtor. | |
| | O R D E R |
| ATHANASIOS LIOUBUS, an individual, and MARIA LIOUBUS, his wife, an individual, | |
| Appellants, | |
| v. | |
| LENARD E. SCHWARTZER, ESQ., individually and in his capacity as appointed legal counsel for RICHARD A. DAVIS, United States Bankruptcy Trustee; RICHARD A. DAVIS, individually and in his capacity as United States Bankruptcy Trustee; LARRY R. BERTSCH, individually, and in his capacity as United States Bankruptcy Trustee, | |
| Appellees. | |

Presently before the Court is the Motion of Appellees for Sanctions against Appellants and Appellant's attorney, Peter Flangas (#21). The Court has also received and considered the Opposition of Peter Flangas (#23) and the Reply (#24).

## ANALYSIS

Appellees seek attorney fees and costs, claiming that the instant appeal was frivolous. Fed.R.Bankr.P. 8020 provides that if a District Court determines that an appeal from an order of a bankruptcy judge is frivolous, it may award just damages and costs to the appellee. An appeal is considered frivolous when the result is obvious or the appellant's arguments are wholly without merit. "Frivolous" is shorthand for filings that are "both (1) baseless and (2) made without reasonable and competent inquiry". Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997) (internal quotes omitted); Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005).

The Court does not find that Attorney Flangas failed to make "reasonable" inquiry under the circumstances. A "reasonable inquiry" may depend on such factors as how much time for investigation was available, whether the attorney had to rely on a client for information as to facts, whether the pleading was based on a plausible view of the law and whether the attorney depended on forwarding counsel. See Bus. Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 550 (1991); Hamer v. Career College Ass'n, 979 F.2d 758, 759 (9th Cir. 1992); Advisory Committee Notes to Rule 11, 97 FRD 165, 199 (1983).

In this case, Attorney Flangas relied on Appellants' previous attorney who had been disqualified. He also relied on Appellants' account of the history of the cases. He claims that he received incomplete documentation in a voluminous case. Certainly it would have been better to review the bankruptcy court file than rely on client representations, especially where the documentation consisted of several boxes of files involving bankruptcies litigated over many years. However, the Court cannot find that the attorney was unreasonable or incompetent in relying on the documentation provided by the client in place of the court files. The Affidavit of Attorney Flangas recounts several months of effort in reviewing documents and preparing a complaint. Also provided is the affidavit of a paralegal/law clerk confirming the amount of time spent in reviewing

and organizing the voluminous documents.  The Court cannot conclude that counsel failed to make a "reasonable and competent inquiry".

Finally, the Court does not find that the appeal was "baseless".  The claims of Appellants that they were forced to hire their own accountant to secure a tax refund and that the change in the amount of the proof of claim from $200,000 to $300,000 was contrived, while rejected, cannot be said to be utterly without merit.

## CONCLUSION

The Court denies Appellees' Motion for Sanctions (#21) against Attorney Peter Flangas for the reasons stated above.  The Court finds that the award of sanctions by the Bankruptcy Court against Appellants LIOUBUS is adequate for all purposes, given their level of culpability.

Accordingly, the Motion for Sanctions (#21) is **DENIED**.

Dated:  August 9, 2006.

_____
Kent J. Dawson
United States District Judge